# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JULIE HOLMES,

              Plaintiff

v.

COMMERCIAL RECOVERY SYSTEMS, INC.

    SERVE:    Tim Ford
                8035 East R.L. Thorton Freeway
                Suite 305
                Dallas, TX 75228

              Defendant.

Civil Action No. 3:10cv273

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      This is an action brought by a consumer in response to the Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in harassing and abusive debt collection practices.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.      Plaintiff Julie Holmes is a natural person and a resident of the Eastern District of Virginia.

4.      Defendant Commercial Recovery Systems, Inc. (hereafter, "CRS," or "the Defendant") is a foreign corporation which regularly conducts business in Virginia.  The Defendant's principal business purpose is the collection of debts.

5.     The Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.     In or around the fall of 2007, Plaintiff fell behind on her scheduled monthly payments to CIT Group, Inc.

7.     Plaintiff attempted to negotiate a payment plan with CIT Group, Inc. in good faith, but she was unable to do so.

8.     Upon information and belief, CIT Group, Inc. thereafter sold Plaintiff's account to the Defendant.

9.     Specifically, Plaintiff first became aware that the account had been transferred to a debt collector when she received calls at her place of employment beginning in or around August 2008.

10.    Plaintiff informed Defendant on multiple occasions, including by written letter, that she could not receive collection calls at her place of employment, and further, that the Defendant should stop calling her.

11.    Despite Plaintiff's prior instruction to the Defendant that she was not permitted to accept personal calls at her place of employment, Defendant continued to contact Plaintiff at her place of employment and on her personal line for the next 8 months.

12.    Many of Defendant's calls to Plaintiff were listed on her Caller ID as "Unknown Caller."

13.    Upon information and belief, the Defendant's standard and deceptive business practice is to configure its telephonic dialing software to electronically alter its "ANI" or Caller Identification transmission, such that the Plaintiff would not know that the Defendant was calling her when deciding whether to take the call.

2

14.     In or around February 2010, a female employee of the Defendant contacted Plaintiff.  The employee refused to identify herself after Plaintiff expressly requested that she do so.

15.     In its communications with Plaintiff, Defendant harassed and abused the Plaintiff by taunting her, mocking her, ridiculing her, insulting her, and directing profanity at her.

16.     By way of example and without limitation, one employee called the Plaintiff at her place of employment and explicitly stated that Plaintiff was a "punk ass ho," a "deadbeat bitch," and "deadbeat ho" who likes to "go out and get sh*t without paying for it."

17.     On or around March 31, 2010, Plaintiff received a call on her cellular phone from another employee of the Defendant who identified herself as "Valerie."  Upon information and belief, "Valerie" is not the true name of the collector but is instead a collection alias.

18.     During this call, Plaintiff reminded the collector that she had already sent a letter to the debt collector directing them to cease telephonic contact with her following the prior telephonic abuse.

19.     Despite the Defendant's receipt of Plaintiff's letter and her reminder to the Defendant in this call that she had already directed them not to contact her further, the collector persisted in attempting to collect from the Plaintiff, mocked her for attempting to exercise the rights afforded to her by the FDCPA, and indicated that since Plaintiff owed the money, they could and would continue to call her at her place of employment and anywhere else they could find her.

## FIRST CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(a)(3)

20.     Plaintiff reincorporates the allegations set forth in paragraphs 1-19 above as if fully set out herein.

21.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(3) by its actions including the statements made by the Defendant during its repeated, unauthorized

communications with Plaintiff's at her place of employment following her repeated requests that Defendant not contact her there, as her employer prohibits such communications.

22.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

## SECOND CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(c)

23.     Plaintiff reincorporates the allegations set forth in paragraphs 1-22 above as if fully set out herein.

24.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c) by its actions including the statements made by the Defendant during its repeated, unauthorized communications with Plaintiff following her notification in writing that she wished for the Defendant to cease communication with her.

25.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

## THIRD CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(2)

26.     Plaintiff reincorporates the allegations set forth in paragraphs 1-25 above as if fully set out herein.

27.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(2) by its actions which include, but are not limited to, abusing and harassing the Plaintiff through its repeated use of obscene and profane language.

28.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

## FOURTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d(6)

29.     Plaintiff reincorporates the allegations set forth in paragraphs 1-28 above as if fully set out herein.

30.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(6) by its actions which include, but are not limited to, placing telephone calls without a meaningful disclosure of the caller's identity, by using a collection alias, and by failing to state the name of the entity on whose behalf the call was initiated

31.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

## FIFTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(4)

32.     Plaintiff reincorporates the allegations set forth in paragraphs 1-31 above as if fully set out herein.

33.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(4) by its actions which include, but are not limited to, its use of false, deceptive, and misleading representations in its attempts to collect on the alleged debt and its threats made against the Plaintiff personally for non-payment of the alleged debt.

5

34.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

## SIXTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(5)

35.     Plaintiff reincorporates the allegations set forth in paragraphs 1-34 above as if fully set out herein.

36.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) by its actions which include, but are not limited to, its threatening the Plaintiff personally for non-payment of the alleged debt.

37.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

## SEVENTH CLAIM FOR RELIEF - FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

38.     Plaintiff reincorporates the allegations set forth in paragraphs 1-37 above as if fully set out herein.

39.     The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions which include, but are not limited to, its use of unfair and unconscionable means in its attempts to collect on the alleged debt.

40.     As a result of the actions taken by the Defendant, which include but are not limited to its attacks made against Plaintiff personally, its false representations, verbal abuse, and other violations set forth herein, Plaintiff has experienced actual damages.

WHEREFORE, Your Plaintiff demands judgment for actual, compensatory, statutory, and punitive damages against the Defendant; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, for injunctive and declaratory relief, including specifically, that it be enjoined from any further contact with the Plaintiff; and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JULIE HOLMES**

By: _____
Of Counsel

Matthew J. Erausquin, VSB#65434
Counsel for the Plaintiff
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com